# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| COREY TRUST BY COREY CHAMBERS, ET AL. | § § § | |
| V. | § § | CASE NO. 4:09cv139 (Judge Schneider/Judge Mazzant) |
| FIRST UNITED BANK and TRUST COMPANY | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss for Plaintiffs' Failure to State a Claim (Dkt. #8) and having considered the motion to dismiss, the Court finds that the same should be denied.

### BACKGROUND

The Corey Trust, Brian Trust, Kristopher Trust and Leslie Trust are express trusts (the "Trusts") created under a comprehensive trust agreement called the "Trust Agreement M&J Trust," on March 1, 1996 by and between Vaughn Andrus ("Andrus"), as Trustee, and Walter V. Chambers, as grantor. PLS. COMPL., ¶ 1. Individual Plaintiffs, Corey Chambers, Brian Chambers, Kristopher Chambers and Leslie Chambers, are siblings and the sole beneficiaries of the Trusts. They sue in their individual capacities to recover damages sustained by them in their capacity as beneficiaries and derivatively on behalf of the Trusts. PLS. COMPL., ¶ 2.

Andrus served continuously as the sole trustee from the Trusts' creation on March 1, 1996 until February 20, 2009. At the time of the filing of the complaint, no successor trustee has been appointed. PLS. COMPL., ¶ 7-8.

The beneficiaries are the grandchildren of the grantor and the children and/or step-children of grantor's son and daughter-in-law, Jim and Mary Ann Chambers (the "Chambers"). PLS. COMPL., ¶ 9-10. Prior to the resignation as trustee, Andrus maintained that he alone possessed the exclusive right, power and authority to pursue or prosecute claims on behalf of the M&J Trust. PLS. COMPL., ¶ 11.

For many years, Farmers & Merchants State Bank ("F&M Bank") had an amicable and mutually profitable relationship with Jim Chambers. F&M Bank was the bank for Jim Chambers' business G.R.A.V.I.T.Y., Inc. ("Gravity"). PLS. COMPL., ¶ 12. Andrus was also President of F&M Bank. PLS. COMPL., ¶ 14. He was also Chairman of the Board of Directors for F&M Bank, CEO of F&M Bank and the loan officer for F&M Bank as it related to Gravity. Andrus also owned fifty percent of the outstanding stock of the F&M Bank. PLS. COMPL., ¶ 17. Andrus exercised actual and legal control over F&M Bank. PLS. COMPL., ¶ 18.

On March 1, 1996, Andrus, as trustee of the M&J Trust, was issued 1,000 shares of Gravity's stock, whereupon he became the sole shareholder of Gravity. This occurred contemporaneously with the creation of the M&J Trust. PLS. COMPL., ¶ 13. Andrus never conducted formal shareholder meetings of Gravity. PLS. COMPL., ¶ 14.

The M&J Trust's only material assets were the stock of Gravity and two lots in Denton County valued at $50,000 each. PLS. COMPL., ¶ 15. On March 25, 2005, F&M Bank was acquired by Defendant First United Bank and Trust Company. PLS. COMPL., ¶ 19.

Gravity ceased operation during 2000 and thereafter had no material assets other than its claims against U.S. Tobacco Company. In 2002, Gravity settled with U.S. Tobacco Company and received $2,082,777.93. PLS. COMPL., ¶ 29, 31. Gravity had ceased maintaining any formal

banking accounts. Andrus as trustee had caused all Gravity financial activities to be conducted by and through Gravity's sole shareholder, the M&J Trust, and utilized its checking account for Gravity transactions. PLS. COMPL., ¶ 32. Andrus and the Chambers were signatories on the account. Andrus had ultimate authority over the account. PLS. COMPL., ¶ 33.

Plaintiffs assert that upon receipt of the settlement funds by F&M Bank, Andrus deposited the funds into the M&J Trust account at F&M Bank. On March 7, 2003, Andrus, in his capacities as trustee and president, CEO, Chairman and loan officer and controlling shareholder, caused or permitted $1,212,225.81 to be misappropriated.

In 2004, the Chambers refinanced their mortgage, allegedly under duress, through F&M Bank. Andrus and F&M Bank required the real property owned by the M&J Trust to be used as additional collateral. PLS. COMPL., ¶ 68. On February 2, 2006, Defendant, through its attorney, solicited Andrus for the purpose of executing and recording a second deed to the real property owned by the M&J Trust. PLS. COMPL., ¶ 70.

Plaintiffs assert the following claims against Defendant: violation of Texas Theft Liability Act; conversion; various claims for breach of fiduciary duty; breach of contract; tortious interference with existing contract; and claims for attorney's fees and exemplary damages. Plaintiffs assert that a conspiracy existed between Andrus, F&M Bank and successor First United with respect to the various causes of action.

### LEGAL STANDARD

The Defendant filed a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as

true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, dismissal for failure to state a claim does not require the appearance that, beyond a doubt, the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Rather, to survive a 12(b)(6) motion to dismiss, a plaintiff must show, after adequately stating his claim, that it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1969.

Although a district court may not go outside the complaint, the Fifth Circuit has recognized one limited exception. *Scanlan v. Texas A & M University*, 343 F.3d 533, 536 (5th Cir. 2003). A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id*., citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### DISCUSSION AND ANALYSIS

Defendant asserts the following as grounds to support its Rule 12(b)(6) motion: (1) that Plaintiffs cannot state a claim pursuant to the Texas Theft Liability Act; (2) that all of Plaintiffs' claims are barred by statute of limitations; (3) that Plaintiffs have failed to allege facts to support Plaintiffs' tortious interference with existing contract claim; and (4) that Plaintiffs' claim of defalcation and embezzlement have no legal basis in Texas law.

Plaintiffs respond as follows: (1) Plaintiffs have pleaded the discovery rule and fraudulent concealment doctrine; (2) that facts were asserted that Andrus as trustee and as bank President

caused loan repayments to be made to benefit F&M Bank and that real property was conveyed for the sole benefit of the Defendant and F&M Bank that support a claim under the Texas Theft Liability Act; (3) allegations that the M&J Trust agreement was breached for the benefit of F&M Bank; and (4) that the defalcation and embezzlement are established legal theories upon which breach of fiduciary duties may be properly pled.

Accepting as true all the well-pleaded facts contained in the Plaintiffs' complaint and viewing them in the light most favorable to the Plaintiffs, the Court is of the opinion that the Plaintiffs' claims may be supported by some set of facts consistent with the allegations stated in the complaint. Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *See Reeves v. City of Jackson*, 532 F.2d 491, 494 (5th Cir. 1976). A review of Defendant's motion and the complaint demonstrate that Defendant has not met its burden with respect to a Rule 12(b)(6) motion. The proper avenue to address this claim is under Fed. R. Civ. P. 56. Accordingly, the Defendant's FED. R. CIV. P. 12(b)(6) motion to dismiss should be denied.

## RECOMMENDATION

Defendant's Motion to Dismiss for Plaintiffs' Failure to State a Claim (Dkt. #8) should be DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of May, 2009.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE